UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DB STRUCTURED PRODUCTS, INC.                    07 Civ. 4122 (ECF)
                                                (DC)

                                                **ANSWER WITH
                                                COUNTERCLAIMS**

                    Plaintiff                   **DEFENDANT DEMANDS
                                                A TRIAL BY JURY**
vs.


GREAT NORTHERN FINANCIAL GROUP, INC.,

                    Defendant.
-------------------------------------------------------------------X

Defendant, Great Northern Financial Group, Inc. (the "Defendant" or "Great Northern"), by its attorney, Michael A. DiChiaro, P.C. answers the complaint as follows. Any allegation not specifically responded to is hereinafter denied.

1. Defendant admits the allegations set forth in paragraphs 4, and 5 of the complaint.

2. Defendant denies the allegations set forth in paragraphs 10, 11, 12, 14, 15, 16, 17, 18, 21, 26, 29, 32, 33, 36, 37, 41, 43, 44, 45, and 46 of the Complaint.

3. Defendant admits that Plaintiff has made a demand and respectfully refers the Court to the document attached as Exhibit 3. Defendant denies all other allegations set forth in paragraph 27 of the complaint.

4. Defendant admits that it received the letter attached as Exhibit 3 to the complaint and denies all other allegations set forth in paragraph 13 of the complaint.

5. Defendant admits that it has refused to purchase the Early Payment Default Loans as Plaintiff alleges because it does not have the obligation to do so. Defendant denies all other allegations set forth in paragraph 28 of the complaint.

6. Defendant admits that it received consideration for certain loans enumerated on Exhibit 2 attached to the complaint but denies that such loans are properly characterized as Early Payment Default Loans. Defendant denies all other allegations set forth in paragraph 31 of the complaint.

7. Defendant submits that no response is necessary with respect to the allegations contained within paragraphs 25, 30, 34 and 38 of the complaint, as they are summary in nature, but to the extent that a response is required, the Defendant repeats and realleges its prior responses that correspond to these allegations.

8. Defendant denies sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth in paragraphs 3, and 42 of the complaint.

9. Defendant states that the allegations contained in paragraphs 1, 2, 6, 7, 8, 9, 19, 20, 22, 23, 24, 35, 39, and 40 present questions of law, and refer to agreements and other documents, which contain numerous terms all of which are respectfully submitted to this Court for determination. To the extent a responsive pleading is required, these allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

10. Plaintiff's claim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

11. Plaintiff's claim is barred based on the doctrine of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

12. Plaintiff's claim is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

13. The Plaintiff first breached the parties' contract, and this breach excused the Defendant from further performance of the contract.

## FIFTH AFFIRMATIVE DEFENSE

14. Plaintiff's damages, if any, were caused by their own negligent or intentional conduct.

## SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff's damages, if any, were caused by their failure to mitigate.

## SEVENTH AFFIRMATIVE DEFENSE

16. Plaintiff's damages, if any, were caused by the negligent or intentional acts of one or more other persons acting on Plaintiff's behalf.

## EIGHTH AFFIRMATIVE DEFENSE

17. Plaintiff or its agents modified the terms of the mortgage loans with the original mortgagee so as to substantially impair the mortgage loans sufficient to void any obligation of the Defendant to repurchase the mortgages under the agreement.

## NINTH AFFIRMATIVE DEFENSE

18. This action should be dismissed on the ground of forum *non-conveniens*.

## TENTH AFFIRMATIVE DEFENSE

19. Some of the mortgages listed in Exhibit 1 were not originated by the Defendant but by another entity not a party to this lawsuit.

## ELEVENTH AFFIRMATIVE DEFENSE

20. Due to the actions, deliberate or negligent, of the Plaintiff or its agents, Ocwen, Lydian Data Services, or others, mortgage loans listed in Exhibit 1 are not Early Payment Default Loans as Plaintiff characterizes and alleges.

### TWELFTH AFFIRMATIVE DEFENSE

21. The Plaintiff and the Defendant executed a written modification of the parties' agreement, drafted by the Plaintiff, such that the Defendant was released from any repurchase obligation on some or all of the loans listed in Exhibit 1.

### THIRTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff has agreed, in writing, that at least one or more of the loans listed in Exhibit 1 are not subject an Early Payment Default Loan repurchase obligation.

### FOURTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred or otherwise diminished on the ground that the parties reached an accord and satisfaction.

### FIFTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff lacks standing to maintain a claim asserting an Early Payment Default Loan repurchase obligation for certain loans that have been paid off or that otherwise no longer exist.

### SIXTEENTH AFFIRMATIVE DEFENSES

25. Plaintiff's claim asserting an Early Payment Default Loan repurchase obligation is barred or has been extinguished with respect to certain loans that have been paid off or that otherwise no longer exist.

### AS AND FOR A FIRST COUNTERCLAIM

26. Defendant repeats and realleges the allegations set forth in paragraph one through twenty-five as though fully set forth herein.

27. Pursuant to the parties' agreement, the Plaintiff was obligated to pay the Defendant certain volume bonuses.

28. Defendant in all respects qualified, pursuant to their agreement, to receive those bonuses.

29. Without justification, the Plaintiff has failed or otherwise refused to pay the volume bonuses promised.

30. As a consequence of Plaintiff's refusal or failure to pay the promised volume bonuses, Defendant has suffered damages in an amount to be determined at trial but in no event less than $110,000.

## AS AND FOR A SECOND COUNTERCLAIM

31. Defendant repeats and realleges the allegations set forth in paragraph one through thirty as though fully set forth herein.

32. Pursuant to the parties' agreement, the Defendant, after originating mortgage loans, paid a higher rate of return to the Plaintiff in exchange for the Plaintiff's assurance that there would be no Early Payment Default Loan repurchase obligation.

33. Defendant did in fact pay that higher rate of return pursuant to its agreement with the Plaintiff, and the Plaintiff has accepted and retained such sums.

34. The Plaintiff has breached the contract by attempting to require the Defendant to repurchase the Early Payment Default Loan obligations, which either did not exist or now no longer exist.

35. As a consequence of Plaintiff's conduct, Defendant has suffered damages in an amount to be determined at trial.

## AS AND FOR A THIRD COUNTERCLAIM

36. Defendant repeats and realleges the allegations set forth in paragraph one through thirty-five as though fully set forth herein.

37. Pursuant to the parties' agreement, the Plaintiff was obligated to purchase and/or fund mortgages originated by the Defendant, which were offered to it by the Defendant so long as these mortgage loans met the Plaintiff's underwriting guidelines.

38. The parties' agreement also provide that the Plaintiff was required to give thirty (30) days notice before terminating the Defendant's ability to have funded or assigned those mortgage loans, which it had originated and for which Plaintiff had already given a commitment to purchase or fund.

39. The Defendant's right to have mortgages funded or assigned continued throughout that thirty-day period.

40. Plaintiff breached the agreement by failing to give thirty days notice of its withdrawal from the parties' agreement and not honoring its loan commitments during that thirty-day period.

41. Plaintiff further impaired the Defendant's ability to have loans funded by competitors of the Plaintiff by, without justification, sending e-mails to its competitors stating that it had terminated the Defendant from its funding list.

42. As a consequence of Plaintiff's act(s) and/or omission(s), Defendant suffered damages to be determined at trial, but in no event less than $550,000.

**WHEREFORE**, the Defendant, Great Northern Financial Group, Inc. respectfully requests that this Court issue an order:

1) Dismissing Plaintiff's complaint in its entirety;

2) Ordering and determining that Defendant had no obligation to repurchase some or all of the mortgage loans listed in Exhibit 1 of the complaint;

3) Granting judgment to Defendant on its First counterclaim in an amount to be determined at trial but in no event less than $110,000 together with interest, costs, disbursements and attorney's fees;

4) Granting judgment to Defendant on its Second counterclaim in an amount to be determined at trial together with interest, costs, disbursements and attorney's fees;

5) Granting judgment to Defendant on its Third counterclaim in an amount to be determined at trial but in no event less than $550,000 together with interest, costs, disbursements and attorney's fees;

6) Awarding Defendant costs, disbursements and attorneys' fees associated with this action and such other and further relief as the Court deems just and appropriate.

Dated:  Suffern, New York
        July 19, 2007

                                  Michael A. DiChiaro, P.C.

                                  By: _____
                                  Michael A. DiChiaro (MAD 8686)
                                  Attorneys for Defendant
                                  Great Northern Financial Group, Inc.
                                  One Executive Boulevard
                                  Suite 201
                                  Suffern, New York 10901
                                  (845) 368-9797